UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CURTIS DONGES, | No. 2:12-cv-1526 AC P |
| Petitioner, | |
| v. | ORDER |
| J. SOTO, Warden,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned. See ECF Nos. 3, 14.

Before the court are: (1) petitioner's motion for appointment of counsel (ECF No. 15); and (2) respondent's motion to dismiss the petition as untimely (ECF No. 18). Petitioner opposes the motion to dismiss and, in his opposition, asks the court in essence for discovery and an evidentiary hearing. See ECF No. 23. For the reasons outlined below, the court will grant the motion to appoint counsel, grant the requests for discovery and an evidentiary hearing, and vacate the motion to dismiss, subject to automatic reinstatement upon re-noticing by respondent.

---

[1] Petitioner is currently incarcerated at California State Prison – Los Angeles County, where the warden is J. Soto. Accordingly, the court will substitute Mr. Soto as respondent to the petition. See Fed. R. Civ. P. 25.

1

1    Respondent has moved to dismiss the petition, alleging that it is untimely filed. Petitioner
2    argues that he is entitled to equitable tolling for, among other things, the time that he was out-to-
3    court and the time that he was without his legal files. Respondent argues that petitioner
4    exaggerates the dates when he was out to court.[2] Respondent concedes, however, that if
5    petitioner is entitled to tolling for two of the three time periods when he was out to court, the
6    petition would be timely filed. See ECF No. 21 at 5:17-22.

   Petitioner has alleged sufficient facts to warrant an evidentiary hearing on the issue of
equitable tolling. Roy v. Lambert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner. . . .
should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true,
entitle him to equitable tolling*.'"), citing Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005)
(petitioner must demonstrate that petitioner has been pursuing rights diligently and that some
extraordinary circumstance stood in petitioner's way). See also Bryant v. Arizona Attorney
General, 499 F.3d 1056, 1061 (9th Cir. 2007) (petitioner must establish that extraordinary
circumstances were the cause of petitioner's untimeliness).

   In anticipation of an evidentiary hearing, the court will authorize the parties to take
discovery. Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 6(a). To assist the
parties, and the court, with this process, the court will also appoint counsel for the petitioner for
the limited purpose of litigating the equitable tolling issue (to include, without limitation,
discovery and the evidentiary hearing). Id.; see also 18 U.S.C. § 3006A(a)(2)(B); Weygandt v.
Look, 718 F.2d 952, 954 (9th Cir. 1983).

   Accordingly, IT IS HEREBY ORDERED THAT

   1. Petitioner's motion for appointment of counsel (ECF No. 15) is granted;
   2. The Federal Defender is appointed to represent petitioner for the limited purpose of litigating the equitable tolling issue;

---

[2] Respondent has lodged with the court something called "Offender Based Information System printout for Petitioner," which apparently lists the dates when petitioner was out to court or transferred. See ECF No. 21 at 4. The court anticipates that, if respondent intends to submit the printout as evidence, respondent will procure an appropriate authentication. See, e.g., Fed. R. Evid. 901(a), (b)(7).

2

3. Petitioner's request for discovery, contained in his opposition filed April 8, 2013 (ECF No. 23) is granted;

4. The parties shall complete discovery within 60 days of the filing date of this order;

5. Petitioner's request for an evidentiary hearing (ECF No. 23) is granted;

6. Respondent's motion to dismiss (ECF No. 18) is vacated subject to automatic reinstatement upon respondent's filing of a notice of hearing on the motion, pursuant to Local Rule 230(b); and

7. The matter is hereby SET for a status conference on August 14, 2013 at 10:00 a.m. in Courtroom 26.

DATED: June 20, 2013

*/s/ Allison Claire*

UNITED STATE MAGISTRATE JUDGE

AC:rb/dong1526.ord

3